UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. CV 17-7752 PA (RAOx) <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW |

Following the filing, review, and consideration of the facts stipulated by the parties and the parties' Opening and Responsive Trial Briefs, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). Any finding of fact that constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is hereby adopted as a finding of fact.

. . . .

. . . .

. . . .

# I. FINDINGS OF FACT

## A. Procedural Background

1. Plaintiff Jones, Bell, Abbott, Fleming & Fitzgerald L.L.P. ("Plaintiff") filed its complaint on October 24, 2017, seeking the refund of a $9,360 penalty assessed against it for the taxable year that ended on December 31, 2015. (Docket No. 1.)

2. On April 25, 2018, the parties filed a stipulation to have the Court decide the case on stipulated facts (Docket No. 25) as well as a Stipulation of Facts, which "constitute[s] the complete factual record before the Court for adjudication of this case" (Docket No. 26).

3. On April 30, 2018, the Court granted the parties' stipulation to decide the case on the stipulated facts. (Docket No. 27.)[1]

## B. **Facts Stipulated By The Parties**

4. For the 2015 taxable year, the Internal Revenue Service ("IRS") extended the deadline to file Form 1065 (return of partnership income) from Friday, April 15, 2016, to Monday, April 18, 2016. (Stipulated Fact ("SF") #1 (citing IRS, Pub. 509, Tax Calendars, 2016 WL 12795, at *7 (Nov. 10, 2015)).)

5. By timely filing a Form 7004 (an application for an automatic extension of time to file certain business income tax, information, and other returns), a partnership could obtain an automatic five-month extension to file Form 1065. For example, a timely Form 7004 filed in 2016 would extend the deadline to file the Form 1065 from April 18, 2016, to Monday, September 19, 2016. (SF #2 (citing 26 C.F.R. § 1.6081-2(a)).)

6. David Lickhalter, a Certified Public Accountant, was Plaintiff's Controller from October 1, 2000 until June of 2016. In that role he prepared Plaintiff's tax returns,

---

[1] Plaintiff attaches to its trial brief what it asserts are its claim for a refund and the denial of that claim. (Pl.'s Trial Br. Exs. 1, 2, Docket No. 28.) The Government objects to those documents, arguing that trial is limited to the stipulated facts and that the documents are unauthenticated and irrelevant. (Gov't's Resp. Br. at 5-6, Docket No. 30.) The documents are not necessary for the Court's decision, and the Court does not rely them. The Government's objections are overruled as moot.

-2-

including its federal return for the taxable year that ended on December 31, 2015. (Lickhalter Decl. ¶¶ 1-3, Stipulation of Facts Ex. 1, Docket No. 26; see SF #3.)

7. As a matter of practice, every year Lickhalter prepared a Form 7004 for Plaintiff, and they had not had a problem with the IRS receiving the form or with receiving the extension until 2016. (Lickhalter Decl. ¶ 4.)

8. Lickhalter stated in his declaration that he "prepared and caused to be filed and mailed to the IRS an Application for Automatic Extension (Form 7004) on or before April 18, 2016 for Plaintiff." (Id.)

9. Lickhalter further stated that in causing the Form 7004 to be mailed to the IRS, he placed the form in an envelope addressed to the IRS and placed the envelope in Plaintiff's office mailing system, where envelopes are deposited with the U.S. Postal Service. (Id. ¶ 5.)

10. Andrew T. Tisnado, who has been Plaintiff's office services clerk since March 1, 2016, is responsible for collecting mail, causing that mail to be properly stamped, and placing the mail in the Postal Service receptacle in Plaintiff's building. (Tisnado Decl. ¶¶ 2-3, 5, Stipulation of Facts Ex. 2, Docket No. 26; see SF #4.)

11. Twice a day, Tisnado collects sealed and addressed envelopes and affixes the proper postage to the envelopes, which may require him to weigh envelopes using a postage machine. Then, at approximately 2:45 p.m., he deposits the addressed and stamped envelopes in the Postal Service receptacle in Plaintiff's building, from which the Postal Service collects mail after 3:00 p.m. each weekday. (Tisnado Decl. ¶ 4.)

12. When mail is prepared after 3:00 p.m., Tisnado collects the additional envelopes, places the proper postage on them, and takes them directly to a U.S. Post Office that collects outgoing mail each weekday after 5:30 p.m. (Id.)

13. Tisnado worked on April 18, 2016, and he stated in his declaration that he has no reason to believe that he did not follow his normal procedure for collecting, processing, and depositing for mailing the envelopes that needed to be mailed that day. (Id. ¶ 5.)

14. Tisnado does not specifically remember the mail that he processed on April 18, 2016. (Id.)

15. Tisnado has never been advised that envelopes that were put out for mailing were not collected, lost, or otherwise not properly processed for mailing. (Id. ¶ 6.)

16. On April 26, 2016, the IRS received Plaintiff's Form 7004. (SF #5.)

17. On September 14, 2016, Plaintiff signed and mailed by certified mail its partnership tax return. (SF #6.)

18. On September 26, 2016, the Internal Revenue Service received Plaintiff's partnership tax return. (SF #7.)

19. On October 24, 2016, the Internal Revenue Service assessed a failure-to-file penalty of $9,360 against Plaintiff for its 2015 partnership tax return. (SF #8.)

20. In January 2016, Plaintiff paid to the IRS $9,395.87, which the IRS applied to the failure-to-file penalty of $9,360 plus $35.87 in interest. (SF #9.)

## II. CONCLUSIONS OF LAW

1. Partnerships are required to file a return for each taxable year. 26 U.S.C. § 6031(a); see id. § 6011(a).

2. Penalties are assessed when partnership returns are not timely filed. 26 U.S.C. § 6698.

3. A partnership may receive an automatic five-month extension of time to file its return by filing an application for an extension (Form 7004) by the date that the return is due. 26 C.F.R. § 1.6081-2(a)-(b).

### A. Filing Date of Documents Submitted By Mail

4. Under "the old common law physical delivery rule[,] . . . tax documents must be physically received by the IRS on time to be timely filed." Anderson v. United States, 966 F.2d 487, 490 (9th Cir. 1992).

5. "Congress enacted [26 U.S.C. §] 7502 to mitigate the harshness of the old common law physical delivery rule . . . ." Id.

6. Section 7502 provides: "If any return, claim, statement, or other document required to be filed . . . on or before a prescribed date under authority of any provision of the internal revenue laws is, after . . . such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, . . . the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document . . . is mailed shall be deemed to be the date of delivery . . . ." 26 U.S.C. § 7502(a)(1).

7. "Section 7502 carves out an exception to the physical delivery rule by creating a statutory 'mailbox rule.' The statute allows a taxpayer to prove timely filing on the basis of timely mailing notwithstanding the date of physical delivery of the tax return to the IRS." Anderson, 966 F.2d at 490.

8. Section 7502 does not apply unless a document is "deposited within the prescribed time in the mail in the United States with sufficient postage prepaid. For this purpose, a document or payment is deposited in the mail in the United States when it is deposited with the domestic mail service of the U.S. Postal Service." 26 C.F.R. § 301.7502-1(c)(1)(ii).

9. "Under section 7502(a), taxpayers may avail themselves of the statutory mailbox rule by producing the postmark. According to this section, a timely postmark satisfies the timely filing requirement even if the document reaches the IRS after the deadline." Anderson, 966 F.2d at 490.

10. Section 7502 further provides that "if any return, claim, statement, or other document . . . is sent by United States registered mail—(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed; and (B) the date of registration shall be deemed the postmark date." 26 U.S.C. § 7502(c)(1).

11. The statute authorizes the Secretary of the Treasury to apply the rule for registered mail to certified mail, see 26 U.S.C. § 7502(c)(2), and the Secretary has done so, see 26 C.F.R. § 301.7502-1(c)(2).

12. However, a taxpayer is not limited to producing either a postmark, a registration, or a certified-mail receipt. See Anderson, 966 F.2d at 490-91. A taxpayer may also rely on extrinsic evidence to prove that a document was timely mailed to the IRS. See id.; Johnson v. IRS, 888 F. Supp. 1495, 1505-06 (C.D. Cal. 1994); see also Lewis v. United States, 144 F.3d 1220, 1222-23 (9th Cir. 1998) (rejecting argument that a taxpayer may prove timely mailing only if the taxpayer witnessed the postmark being applied).

### B. The Burden Of Proof

13. "In an action to collect taxes, the government bears the initial burden of proof. The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation. The presumption shifts the burden of proof to the taxpayers to show that the determination is incorrect." Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997) (citations omitted); see United States v. Fior D'Italia, Inc., 536 U.S. 238, 242, 122 S. Ct. 2177, 153 L. Ed. 2d 280 (2002).

14. Similarly, "[a] taxpayer seeking a tax refund bears the burden of proving that the assessment was incorrect and proving the correct amount of the tax owed." Bockman v. United States, No. CV15-5477 PSG (Ex), 2016 WL 6995359, at *2 (C.D. Cal. Apr. 29, 2016) (collecting cases); see United States v. Janis, 428 U.S. 433, 439-40, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976).

15. Plaintiff argues that the burden-shifting procedure of 26 U.S.C. § 7491(a)(1) applies here. (Pl.'s Trial Br. at 3, 4-5; Pl.'s Resp. Br. at 7, Docket No. 31.) Under that provision, "[i]f, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue." 26 U.S.C. § 7491(a)(1).

16. Section 7491(a)(1) applies only to factual issues relating to a taxpayer's "liability . . . for any <u>tax imposed by subtitle A or B</u>" of the Internal Revenue Code. 26 U.S.C. § 7491(a)(1) (emphasis added). This case involves a penalty assessed against

Plaintiff under Subtitle F, not Plaintiff's tax liability under Subtitle A or B, so the procedure is not applicable. See Riether v. United States, 919 F. Supp. 2d 1140, 1148 (D.N.M. 2012) (stating that section 7491(a)(1) did not apply to a substantial underpayment penalty imposed under 26 U.S.C. § 6662(d)).

17. Additionally, the procedure only applies if the taxpayer satisfies certain criteria, such as complying with requirements to substantiate information on returns, maintaining records, and cooperating with reasonable requests from the IRS for information and documents. See 26 U.S.C. § 7491(a)(2). The taxpayer bears the burden of establishing that those criteria are met. See United States v. Capriotti, No. 1:11-cv-00847-SAB, 2013 WL 1563214, at *15 (E.D. Cal. Apr. 12, 2013); Nkonoki v. Comm'r, 111 T.C.M. (CCH) 1411, 2016 WL 2763863, at *3 (2016). Plaintiff makes no attempt to show that it satisfies the criteria for section 7491(a)(1) to apply (see Pl.'s Trial Br. at 4-5; Pl.'s Resp. Br. at 7), and the Court cannot determine on the information before it that they are met. For this additional reason, the burden-shifting procedure of 26 U.S.C. § 7491(a)(1) does not apply.

18. The Government argues that the burden-allocating rule of 26 U.S.C. § 7491(c) does not apply here but that even if it does, the Government has satisfied its burden. (Gov't's Resp. Br. at 3-4.) Under that provision, "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." 26 U.S.C. § 7491(c).

19. Section 7491(c) refers to penalties imposed on individuals, but Plaintiff is a partnership. Section 7491(c) therefore does not apply. See Dynamo Holdings Ltd. P'ship v. Comm'r, 150 T.C. No. 10, 2018 WL 2106443, at *5-7 (2018); Transupport, Inc. v. Comm'r, 112 T.C.M. (CCH) 580, 2016 WL 6900913, at *7 (2016).

20. Regardless, the Government would satisfy this burden. It was stipulated that the Government did not receive Plaintiff's extension request until after the deadline for Plaintiff to file its return and that the Government imposed a penalty for the untimely submission of Plaintiff's return. (SF #9, 12.) The penalty assessment is presumed to be correct. See Palmer, 116 F.3d at 1312; see also United States v. Boyce, 38 F. Supp. 3d

1135, 1151 (C.D. Cal. 2014) ("The government can usually carry its initial burden . . . merely by introducing its assessment of tax due." (quoting United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983))).

21. Accordingly, whether or not section 7491(c) applies, Plaintiff bears the burden of proof with respect to whether the penalty was properly imposed.

**C.  Plaintiff Fails To Prove That It Timely Mailed Its Form 7004**

22. Whether the IRS properly imposed a penalty turns on whether Plaintiff timely filed a Form 7004. Because it was stipulated that the IRS ultimately received Plaintiff's Form 7004 (SF #9), the Court need only determine whether it was timely mailed. See Bockman, 2016 WL 6995359, at *4.

23. There is no evidence before the Court of the date of the postmark on the envelope containing Plaintiff's Form 7004.

24. Section 7502(c) does not apply here because there is no evidence, and the parties did not stipulate, that Plaintiff used either registered or certified mail to send its extension request. See Anderson, 966 F.2d at 490 ("By its own terms, section 7502(c) applies only when the document is sent by registered or certified mail.").

25. Although Plaintiff may rely on other evidence to prove the timely mailing of its Form 7004, such other evidence does not automatically satisfy its burden of proof. See Bockman, 2016 WL 6995359, at *4.

26. Lickhalter asserts that he "caused" the Form 7004 to be mailed "on or before April 18, 2016," by which he means that he placed the form into an envelope and placed the envelope into Plaintiff's office mailing system. (Lickhalter Decl. ¶¶ 4-5.) According to Tisnado, Plaintiff's mail each day is either placed in a receptacle from which mail is collected after 3:00 p.m. or is taken to a Post Office that collects mail after 5:30 p.m. However, because Lickhalter does not indicate when he placed the envelope into the office mailing system, it is not certain if he did it in time for Tisnado to collect it or for it to be taken to a Postal Service depository on April 18, 2016.

27. On the record before the Court, it is equally plausible that Plaintiff's Form 7004 could have been deposited for mailing in a Postal Service depository on April 18, 2016 after 5:30 p.m.; April 19, 2016; or some other date. As a result, Plaintiff has not sustained its burden that it is more likely than not that Plaintiff's Form 7004 was deposited for mailing in a Postal Service depository on April 18, 2016. The fact that the IRS received Form 7004 on April 26, 2016, eight days after April 18, 2016, suggests, at least circumstantially, that Form 7004 was deposited with the Postal Service after April 18, 2016.

28. This case is distinguishable from Anderson v. United States and Lewis v. United States, upon which Plaintiff relies.

29. In Anderson, the Ninth Circuit held that a taxpayer adequately established the date that her tax return was filed. The taxpayer's testimony "provided direct proof of a timely postmark because she actually saw the postal clerk stamp her document." 966 F.2d at 491. The taxpayer also submitted an affidavit from a friend who accompanied her to the post office and waited in the car, who stated that the taxpayer returned to the car from the post office without the envelope that had contained the tax return. Id. at 489.

30. In Lewis, the taxpayer was held to have timely mailed an extension request. The taxpayer stated in a declaration that he timely deposited his extension request at the post office. See 144 F.3d at 1223. Additionally, there was evidence that on the same day, the taxpayer sent a check for state taxes sent to the State of California and it was cashed the next day, which provided "strong circumstantial evidence supporting [the taxpayer's] statement as to when he mailed the federal application." See id. The Ninth Circuit stated that the IRS "does not have to take a taxpayer's unsupported word, but when a taxpayer with an unblemished reputation for paying taxes produces circumstantial evidence supporting his word, the government needs more than a skeptical smile to support its doubt of his credibility." Id. at 1222. The Court also noted that the IRS had not preserved the postmarked envelope and thus had to "bear the adverse inference to be drawn." Id. at 1223.

31. In both Anderson and Lewis, there was at least some direct evidence of when the document to be mailed was delivered to the custody of the United States Postal Service,

as well as other evidence to corroborate it. Here, by contrast, there is neither direct evidence of Plaintiff's timely mailing of its Form 7004 nor any corroboration. Lickhalter did not personally mail the form, instead stating only that he placed it in the office mail system. He does not say when he did this, and Tisnado did not testify that he remembered depositing the Form 7004 in a United States Postal Service depository on April 18, 2016. As a result, Plaintiff has not demonstrated when the form was taken to a United States Postal Service depository on April 18, 2016 or processed by the United States Postal Service on April 18, 2016. Plaintiff's showing of timeliness is not comparable to that of the taxpayers in Anderson and Lewis.

32. Accordingly, Plaintiff has not established that the IRS improperly imposed a failure-to-file penalty on Plaintiff.

## Conclusion

The Court concludes that Plaintiff has not sustained its burden of proof in showing that the IRS improperly assessed a failure-to-file penalty against it, and Plaintiff therefore is not entitled to a refund of that penalty. The Court will issue a Judgment consistent with these Findings of Fact and Conclusions of Law.

DATED: June 15, 2018

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE